UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ST. NICHOLAS MUSIC, INC., MEDICINE :
HAT MUSIC, BENJAMIN BERGER
PUBLISHING, and W CHAPPELL MUSIC :
CORP. d/b/a WC MUSIC CORP.,
  :
           Plaintiffs,
  :
    v.                       Case No.:
  :
MILK TRUCK PRODUCTIONS LLC, JEFF
FORTIER, MICHAEL LOGAN, and JOSHUA :
HUNT,
  :
           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
  x

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form, the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Milk Truck Productions, LLC ("MTP") is a limited liability company organized under the laws of the State of Kansas with offices at 1016 Massachusetts, Lawrence, Kansas 66044.

6. At all times hereinafter mentioned, MTP did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Lucia Beer Garden & Grill ("Lucia"), located at 1016 Massachusetts, Lawrence, Kansas 66044.

7. Musical compositions were and are publicly performed at Lucia.

8. On information and belief, defendant Jeff Fortier ("Fortier") is an individual who resides and/or does business in this district.

9. On information and belief, defendant Michael Logan ("Logan") is an individual who resides and/or does business in this district.

10. On information and belief, Joshua Hunt ("Hunt" and, together with MTP, Fortier, and Logan, the "Defendants"), is an individual who resides and/or does business in this district.

11. At all times hereinafter mentioned, Fortier, Logan and Hunt are members and/or owners of MTP.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

12. At all times hereinafter mentioned, Fortier, Logan and Hunt were, and still are, responsible for the control, management, operation and maintenance of the affairs of MTP.

13. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Lucia, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

14. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Lucia.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

15. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 1 million songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

3

17. Going back several years, ASCAP representatives have made more than one hundred attempts to contact the Defendants. ASCAP's representatives have contacted the Defendants or their representatives via mail, telephone, and email.

18. Defendants have refused all of ASCAP's license offers for Lucia.

19. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Lucia constitute infringement of ASCAP's members' copyrights in their musical works.

20. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Lucia, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

21. The many unauthorized performances at Lucia include the three copyrighted musical compositions upon which this action is based.

22. The compositions named in causes of action 2 and 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

23. The composition named in cause of action was registered as unpublished composition on the date stated in Column 5, and since the date of registration have been printed and published in strict conformity with Title 17 of the United States Code.

24. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

25. The compositions named in causes of action 1 and 2 are now in the renewal term of copyright, pursuant to 17 U.S.C § 304(a)(2), automatically secured as provided in 17U.S.C. § 304(a)(2)(B)(ii), effective as of the date set forth in Column 8.

26. Defendants on the dates specified in Column 9, and upon formation and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Lucia, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

27. The public performances at Lucia of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants, or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

28. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

29. The many unauthorized performances at Lucia include the performances of the three copyrighted musical compositions upon which this action is based.

30. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

31. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Lucia, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

2.	That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

3.	That Defendants be decreed to pay the costs of this action and that reasonable attorney's fee be allowed as part of the costs.

4.	For such other and further relief as this Court deems appropriate.

                                            Respectfully submitted,

By:_/s/ Susan L. Mauch_____
Susan L. Mauch, KS #15295
slmauch@gseplaw.com
Goodell Stratton Edmonds & Palmer LLP
515 S. Kansas Avenue
Topeka, Kansas 66603
Phone:  785-233-0593
FAX:  785-233-8870
**ATTORNEYS FOR PLAINTIFFS**

## **DESIGNATION OF PLACE OF TRIAL**

COMES NOW plaintiffs St. Nicholas Music, Inc., Medicine Hat Music, Benjamin Berger Publishing, and W Chappell Music Corp. d/b/a WC Music Corp. and designates Topeka, Kansas as the place of trial in this matter.

Respectfully submitted,

By:/s/*Susan L. Mauch*
Susan L. Mauch, KS #15295
slmauch@gseplaw.com
Goodell Stratton Edmonds & Palmer LLP
515 S. Kansas Avenue
Topeka, Kansas 66603
Phone:  785-233-0593
FAX:  785-233-8870
**ATTORNEYS FOR PLAINTIFFS**